VIRGINIA H. ALVAREZ, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Alvarez v. Commissioner
Docket No. 35405-83.
United States Tax Court
T.C. Memo 1986-581; 1986 Tax Ct. Memo LEXIS 24; 52 T.C.M. (CCH) 1158; T.C.M. (RIA) 86581; December 10, 1986. *24 Petitioner and her former husband filed a joint Federal income tax return for the year in question, and petitioner's former husband failed to report substantial amounts of income on the return. Petitioner had knowledge of her former husband's expenditures during the year in question, and these expenditures were much greater than the income reported on the joint return. Held, petitioner failed to establish that she did not know, and had no reason to know, that her former husband had failed to report income on their joint Federal income tax return, and petitioner is not entitled, therefore, to the relief afforded by sec. 6013(e), I.R.C. 1954. Virginia H. Alvarez, pro se. Ina S. Weiner, for the respondent. STERRETT
MEMORANDUM FINDINGS OF FACT AND OPINION STERRETT, Chief Judge: By notice of deficiency dated September 20, 1983, respondent determined a deficiency in the Federal income tax of petitioner and her former husband and additions to tax for the 1981 taxable year as follows: Additions to tax under sections
Year
Deficiency
6651(a)(1) [1]
6653(a)(1)
6653(a)(2)
1981
$350,319
$88,674
$17,735
50% of inter-
est due on
underpay-
ment of
$346,401
The only issue for decision in this case is whether section 6013(e) *25 relieves petitioner of liability for the deficiency and additions to tax for the year in question. [2]
FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulated facts and exhibits attached thereto are incorporated herein by this reference. Petitioner, Virginia H. Alvarez, and Jorge H. Alvarez (Jorge) were married on January 12, 1979, and divorced on July 12, 1984. [3] They filed a joint Federal income tax return for the year in question with the Office of the Internal Revenue Service in Philadelphia, Pennsylvania. At the time the petition was filed in this case, petitioner resided in Laurel, Delaware. Jorge was in the business of importing and distributing cocaine. He was arrested in May of 1983 for violating Federal drug laws and was serving a 12-year prison term in a Federal penitentiary at the time *26 of trial. Petitioner also was arrested in May of 1983 for violating Federal drug laws and was placed on probation as part of a plea arrangement. In 1981, Jorge and a business associate formed a corporation named Windsong Farms, Inc., with Jorge owning 55 percent of the stock. On November 6, 1981, the corporation purchased a 105-acre farm in Sussex County, Delaware, for $189,000, paying $59,000 in cash and mortgaging the property for $130,000. The mortgage was payable in 20 quarterly installments of $6,500 each, and Jorge provided the money for the mortgage payments. Petitioner lived on the farm from the date of its acquisition through 1984 when it was sold. On October 16, 1981, Jorge purchased 29 acres of land in Sussex County, Delaware, for $56,000, paying $15,000 in cash and mortgaging the property for $41,000. Although petitioner, petitioner's parents, and Jorge's sister were listed on the deed and mortgage as co-owners of this property, they did not in fact provide any money to purchase it. On March 12, 1981, petitioner and Jorge purchased a condominium in Dade County, Florida, for $85,900. They paid $15,000 in cash at the time of agreement, another $16,650 in cash at the *27 time of settlement, and placed a mortgage on the property in the amount of $54,922. In 1981, petitioner and Jorge took a month's vacation in Europe. Petitioner was not employed and did not have any occupation during the period she was married to Jorge. She had graduated from high school and had completed one semester of college at the time of trial. Petitioner and Jorge reported on their joint 1981 Federal income tax return $20,131.62 in taxable income, which was denoted as arising from Jorge's import-export "retailing" business. Petitioner signed the return. In his notice of deficiency, respondent determined that petitioner and Jorge had "failed to report gross income for the tax year 1981 in the amount of $696,957.00 from narcotics sales." OPINION The only issue for decision in this case is whether section 6013(e) relieves petitioner of liability for the deficiency and additions to tax for the year in question. [4]
Generally, spouses who file joint returns are jointly and *28 severally liable for the tax due on their combined incomes. Sec. 6013(d)(3). However, section 6013(e) provides that, in those cases where a joint return has been filed and there is a substantial understatement of tax shown as due that is attributable to grossly erroneous items of one spouse, the other spouse is not liable for the tax attributable to the understatement if that spouse can establish that in signing the return he or she (1) did not know, and had no reason to know, of the substantial understatement, and (2) considering all the facts and circumstances, it would be inequitable to hold the innocent spouse liable for the tax attributable to the substantial understatement. [5] *29 Respondent concedes that the substantial understatement of tax on the 1981 joint Federal income tax return of petitioner and her husband was attributable to grossly erroneous items of Jorge alone. He argues, however, that petitioner is not entitled to the protection of section 6013(e) because he asserts that she knew, and had reason to know, of the understatement and that it would not be inequitable to hold her liable for the tax attributable to the understatement. Unsurprisingly, petitioner takes the opposite view. Petitioner bears the burden of establishing that she did not know, and had no reason to know, of the substantial understatement of tax and that it would be inequitable to hold her liable for the tax attributable to the understatement. Lessinger v. Commissioner,85 T.C. 824, 838 (1985). *30 On the record before us, we have no difficulty in concluding that petitioner has failed to carry that burden. Petitioner did not testify that she had not known, and had no reason to know, that Jorge had failed to report income on their 1981 tax return. Instead, she testified that she never questioned Jorge, that she signed whatever he told her to sign, and that she did not know the source of Jorge's income. Such testimony, standing alone, is insufficient to establish that petitioner did not know, and had no reason to know, that Jorge had failed to report income on their 1981 tax return. Considering the small amount of income reported by petitioner and Jorge on their 1981 return, the magnitude of Jorge's expenditures in 1981, and the fact that petitioner knew about Jorge's 1981 expenditures, we conclude that at a minimum petitioner had reason to know that Jorge had failed to report substantial amounts of income on their 1981 Federal income tax return. Whether petitioner knew that Jorge's trafficking in cocaine was the source of the unreported income is irrelevant for purposes of making this determination. We hold that petitioner has failed to establish that she did not know, and had *31 no reason to know, that Jorge had substantially more income than he reported on their 1981 Federal income tax return. It follows that petitioner is not entitled to the relief afforded by section 6013(e). Decision will be entered for the respondent.
Footnotes
1. Unless otherwise indicated, all sections referred to are sections of the Internal Revenue Code of 1954, as amended and in effect during the year in question. ↩
2. Petitioner does not contest the amount of the deficiency or the additions to tax.↩
3. Petitioner remarried after filing the petition in this case and was known as Virginia H. Adams at the time of trial.↩
4. Sec. 6013(e)↩, as amended by sec. 424(a), Deficit Reduction Act of 1984, Pub. L. 98-369, 98 Stat. 801, has retroactive application to all taxable years to which the Internal Revenue Codes of 1939 and 1954 apply.
5. Sec. 6013(e) provides in relevant part as follows: (e) Spouse Relieved of Liability in Certain Cases. -- (1) In general. -- Under regulations prescribed by the Secretary, if -- (A) a joint return has been made under this section for a taxable year, (B) on such return there is a substantial understatement of tax attributable to grossly erroneous items of one spouse, (C) the other spouse establishes that in signing the return he or she did not know, and had no reason to know, that there was such substantial understatement, and (D) taking into account all the facts and circumstances, it is inequitable to hold the other spouse liable for the deficiency in tax for such taxable year attributable to such substantial understatement, then the other spouse shall be relieved of liability for tax (including interest, penalties, and other amounts) for such taxable year to the extent such liability is attributable to such substantial understatement.↩